IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANA K. EUBANKS                                                               PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:17-cv-161-MTP

NANCY A. BERRYHILL                                                            DEFENDANT

## OPINION AND ORDER

Plaintiff Dana K. Eubanks brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Having reviewed the parties' submissions, the record, and the applicable law, the Court finds that the Commissioner's final decision should be AFFIRMED and this action should be DISMISSED.

## PROCEDURAL HISTORY

On September 20, 2013, Plaintiff applied for disability insurance benefits, alleging disability due to obesity, fibromyalgia, diabetes, high blood pressure, joint and foot pain, herpes labialis (cold sores), menopause syndrome, psoriasis, anxiety, and depression. (Administrative Record [6] at 154-55; 192). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing, and on March 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. ([6] at 15-28; 71-104). Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council. On March 29, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([6] at 5-8). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

**ADMINISTRATIVE LAW JUDGE'S DECISION**

In her March 28, 2016, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ noted that the Plaintiff had worked after her alleged disability onset date—February 1, 2010. The ALJ specifically noted that Plaintiff, a licensed practical nurse, worked at a hospital in 2011, 2012, and 2013, but also noted that this work activity did not rise to the level of substantial gainful activity. Ultimately, the ALJ did not make "a finding as to whether or for what period, the claimant engaged in substantial gainful activity since the alleged onset date because a determination addressing the entire period at issue may be reached at a later step in the sequential evaluation process." ([6] at 17).

At step two, the ALJ found that Plaintiff had the following severe impairment: generalized osteoarthritis. The ALJ found that Plaintiff's other medically determinable impairments (diabetes mellitus, hypertension, obesity, and depression) were not severe. Additionally, the ALJ found that fibromyalgia was not one of Plaintiff's medically determinable

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

impairments. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([6] at 19-20).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform sedentary work as defined in 20 CFR 404.1567(a)[3] except the claimant must be able to sit or stand alternatively at will every 45 minutes, provided she would not be off task more that 10% of the work period; should avoid kneeling or squatting; and should never be exposed to unprotected heights, hazardous machinery and uneven terrain." ([6] at 20). At step four, the ALJ found that Plaintiff could not perform any past relevant work. At step five, however, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled. ([6] at 26-27).

## APPEALS COUNCIL'S DECISION

Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council, which had not been presented to the ALJ.[4] Specifically, Plaintiff submitted notes from a medical examination performed on April 4, 2016. ([6] at 540-43). The Appeals Council noted that the ALJ rendered a decision in Plaintiff's case on March 28, 2016. The Appeals Council

---

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[4] 20 C.F.R. § 404.970 permits a claimant to submit new evidence to the Appeals Council.

3

held that the new evidence concerned a later time and did not affect the decision about whether Plaintiff was disabled prior to March 28, 2016. Accordingly, the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*. (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

**ANALYSIS**

Plaintiff raises four issues for review: (1) whether the ALJ erred by failing to properly evaluate the claimant's fibromyalgia in conformity with SSR 12-2p; (2) whether the Appeals Council erred by failing to properly consider additional evidence; (3) whether the ALJ erred in evaluating opinion evidence, resulting in the residual functional capacity not being supported by substantial evidence; and (4) whether the ALJ erred in evaluating obesity.

*Issue 1: Whether the ALJ Erred by Failing to Properly Evaluate the Claimant's Fibromyalgia in Conformity with SSR 12-2p.*

Plaintiff argues that the ALJ failed to properly evaluate her fibromyalgia when the ALJ found that fibromyalgia was not one of Plaintiff's medically determinable impairments. A medically determinable impairment is defined as follows:

> [A]n impairment which has demonstrable anatomical, physiological or psychological abnormalities. Such abnormalities are medically determinable if they manifest themselves through medical evidence consisting of symptoms, signs, and laboratory findings. Symptoms alone, however, do not constitute a basis for finding a medically determinable impairment.

SSR 82-58.

The SSA regulations provide guidance for determining whether a claimant's fibromyalgia qualifies as a medically determinable impairment. A claimant must show: (1) a history of widespread pain that has persisted for more than three months; (2) at least eleven positive tender points during physical examination *or* repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; and (3) evidence that other disorders that could have caused these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. *See* SSR 12-2p. Plaintiff bears the burden of establishing that she suffers from a medically determinable impairment that renders her disabled. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

In this case, the ALJ noted the requirements of SSR 12-2p and determined that Plaintiff "failed to submit medical evidence consisting of signs, symptoms, and laboratory findings to establish the existence of fibromyalgia as one of her medically determinable impairments." The ALJ explained as follows:

> Claimant testified she was diagnosed w[ith] fibromyalgia in 1995. There is no objective medical evidence of record to support or substantiate the diagnosis (See 1-13F). Contained in the medical evidence of record at 6F are lab results for an ANA Comprehensive Panel. This test is used to help determine whether someone has an autoimmune disorder, such as lupus or rheumatoid arthritis BUT the results alone cannot support a specific diagnosis. Fibromyalgia is not an autoimmune disorder. These results alone do not establish fibromyalgia as required by SSR 12-2p. Furthermore, the claimant worked at the SGA level for over ten years after her alleged diagnosis (See 3D).

([6] at 19-20).

First, Plaintiff argues that the ALJ failed to properly develop the record. An ALJ has a duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). This duty, however, can reasonably require only so much. "It is not unreasonable to require the claimant, who is in a better position to provide information about his medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability." *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).

The ALJ should further develop the record when there is insufficient evidence to make a disability determination. *See Cook v. Astrue*, 2010 WL 4628732, at *5 (N.D. Tex. Nov. 15, 2010); *Nelson v. Comm'r of Soc. Sec.*, 2015 WL 8063850, at *6 (W.D. La. Sept. 2, 2015). However, "there must be insufficient evidence to make an informed determination, not a favorable one." *Oderbert v. Barnhart*, 413 F. Supp. 2d 800, 805 (E.D. Tex. 2006). In this case,

the record contains sufficient evidence to support the ALJ's determination. The ALJ noted that Plaintiff's medical records "document twenty visits with her treating source, Dr. [Harilal] Patel between January 2012 and December 2013[, and] [a]t her visits, rarely were any abnormal musculoskeletal findings documented." ([6] at 22). The ALJ stated that Plaintiff "has not received the type of medical care one would expect for an individual with her allegedly disabling pain and other symptoms." ([6] at 23). The ALJ pointed out that the medical records do not show "muscle atrophy, which would be expected in an individual with pain so severe as to alter the use of muscle groups to avoid pain." ([6] at 24). The ALJ also cited the findings of consultative examiner, Dr. Robert Cobb, who found only mild tenderness in Plaintiff's neck, trapezius, and back muscles. ([6] at 21, 402-03).

Plaintiff also argues that she reported signs and symptoms of fibromyalgia and received treatment for fibromyalgia. Plaintiff points to records which list fibromyalgia in her medical history and show that she received treatment for fibromyalgia. An alleged diagnosis and limited treatment of fibromyalgia does not meet the requirements of SSR 12-2p. Although certain evidence supports Plaintiff's assertions, this Court does not resolve conflicts in the evidence, and substantial evidence supports the ALJ's decision. *Tebyanian v. Colvin*, 2015 WL 4475762, at *8 (N.D. Tex. July 22, 2015); *Mayeux v. Comm'r of Soc. Sec.*, 2018 WL 297588, at *4 (M.D. La. Jan. 4, 2018).

Additionally, even if the ALJ committed error by determining that fibromyalgia was not one of Plaintiff's medically determinable impairments, such error was harmless. After making her determination, the ALJ stated: "Nevertheless, should the impairment be deemed medically determinable, the placement of the claimant at the sedentary exertional demand level accommodates any possible limitations associated with her alleged fibromyalgia." ([6] at 20).

7

Because the ALJ considered Plaintiff's symptoms, including those associated with fibromyalgia, in formulating Plaintiff's RFC, any error committed at step two was harmless. *See Enriquez v. Comm'r of Soc. Sec.*, 2018 WL 2293967, at *3 (W.D. Tex. May 18, 2018); *Trego v. Berryhill*, 2017 WL 9473083, at *3 (N.D. Tex. Apr. 24, 2017).

***Issue 2: Whether the Appeals Council Erred by Failing to Properly Consider Additional Evidence***

After the ALJ issued her decision, Plaintiff submitted additional evidence to the Appeals Council, which was not before the ALJ. The additional evidence consisted of notes from a medical examination performed on April 4, 2016. A registered nurse and a treating physician, Dr. Harilal Patel, completed this medical record. The medical record states that Plaintiff presented with back pain and also lists "[a]dditional reasons for visit," which include the following:

> <u>Fibromyalgia</u> is described as the following:
> Note for "Fibromyalgia": pressure points include but not limited to edge of upper breast; neck and shoulder; upper inner shoulder; base of skull; below side bone of elbow; hip bones; upper outer buttocks; just below knee on inside
> Needing order for lightweight cane use to help with ambulation

([6] at 540).[5] The medical record also contains an addendum note stating as follows:

> Fibromyalgia is described as the following:
> 16 pressure points identified included but not limited to bilateral edge of upper breast; neck and shoulders; bilateral upper inner shoulders; bilateral base of skull; bilateral (below) side bone of elbow; bilateral hip bones; bilateral upper outer buttocks; just below knee on inside (bilateral)

([6] at 543).

When the Appeals Council receives a request for review, it "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to

---

[5] The other listed reasons for Plaintiff's medical visit include hip problem, knee pain, headaches, anxiety, depression, insomnia, bowel problems, and psoriasis.

an administrative law judge." 20 C.F.R. § 404.967. "The Appeals Council will review a case if—(1) [t]here appears to be an abuse of discretion by the [ALJ]; (2) [t]here is an error of law; (3) [t]he action, findings or conclusions of the [ALJ] are not supported by substantial evidence; or (4) [t]here is a broad policy or procedural issue that may affect the general public interest." 20 C.F.R. § 404.970(a). Claimants are permitted to submit new evidence to the Appeals Council, and such evidence may justify remand if it is material. *See Castillo v. Barnhart*, 325 F.3d 550, 551-52 (5th Cir. 2003). Evidence is material if it relates to the time period for which the disability benefits were denied and there is a reasonable probability that it would have changed the outcome of the disability determination. *Id*.

If new evidence is presented to the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are supported by substantial evidence. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Jones v. Astrue*, 228 Fed. App'x. 403, 406-07 (5th Cir. 2007) (cautioning against remanding cases based on new evidence presented to the Appeals Council without meaningful regard for the substantial evidence standard). A court should remand based on new evidence only if the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination. *Higginbotham v. Barnhart*, 163 Fed. App'x. 279, 281-82 (5th Cir. 2006).

The Appeals Council found that the information submitted by Plaintiff did not provide a basis for changing the ALJ's decision. The Appeals Council explained:

> We also looked at medical evidence from Community Medical Center, dated April 4, 2016 (4 pages). The Administrative Law Judge decided your case through March 28, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 28, 2016.

9

([6] at 6).

Plaintiff argues that the date of the medical record is not outcome determinative and that the tender point findings provide support for more severe limitations. However, it does not appear that a medical professional made a tender point finding as Plaintiff argues. Pressure points or tender points are mentioned in a section of the medical record concerning Plaintiff's subjective complaints. Dr. Patel's notes regarding his physical exam of Plaintiff only mention tenderness in her abdomen and mild tenderness in her lumbosacral spine.

Moreover, even if Dr. Patel found sixteen tender points, there is no indication in the medical record that the findings relate to the period prior to the ALJ's decision. *See McLendon v. Barnhart*, 184 Fed. App'x. 430, 432 (5th Cir. 2006) ("Records describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during the time of insured status."). The ALJ pointed out that during Plaintiff's visits to Dr. Patel between January 2012 and December 2013, abnormal musculoskeletal finding were rarely documented. ([6] at 22). The April 4, 2016, record does not state that the tender point "findings" were consistent with prior findings or symptoms. The record as a whole demonstrates that the Commissioner's decision is supported by substantial evidence, and it is not probable that the additional evidence submitted to the Appeals Council would have changed the outcome of the disability determination.

***Issue 3: Whether the ALJ Erred in Evaluating Opinion Evidence, Resulting in the Residual Functional Capacity Not Being Supported by Substantial Evidence***

*Dr. David Powers*

In her Brief [10], Plaintiff argues that the ALJ failed to address the opinion of a psychological consultant. In response, Defendant points out that the ALJ did address the opinion of the psychological consultant, Dr. John Stoudenmire. *See* Memorandum [11] at 15. In her

Reply [12], however, Plaintiff argues that the ALJ failed to address the opinion of another psychological consultant, Dr. David Powers.[6]

In her written decision, the ALJ stated that she considered the opinions of the non-treating, non-examining Disability Determination Services ("DDS") medical consultants. Thereafter, the ALJ assigned little weight to the opinions of Dr. Keith Langford and Dr. Louis Saddler regarding Plaintiff's physical capacity. The ALJ, however, did not specifically address the weight he assigned to the opinion of Dr. Powers regarding Plaintiff's mental capacity.

Although the opinion of a state agency physician is not binding, an ALJ may not ignore the opinion and must articulate the weight given to the opinion. *See* 20 C.F.R. § 404.1527; SSR 96-6p. Thus, the ALJ erred in failing to address Dr. Powers's opinion. This error, however, was harmless. *See Hammond v. Barnhart*, 124 Fed. App'x. 847, 851 (5th Cir. 2005). "[I]f the Court's review of the record reveals the existence of substantial evidence supporting the ALJ's decision, then the ALJ's error in not explaining the weight he gave to a nontreating physician is harmless." *Chadwick v. Colvin*, 2016 WL 3855258, at *6 (E.D. Tex. July 14, 2016). Here, substantial evidence supports the ALJ's determination, and a different conclusion would not have been reached even if the ALJ specifically addressed Dr. Powers's opinion.

Dr. Power found that Plaintiff's mental impairment caused mild restrictions in her activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of

---

[6] Dr. Stoudenmire drafted a mental status evaluation regarding Plaintiff after performing a consultative mental examination on February 3, 2014. ([6] at 404-07). Dr. Powers, a non-examining Disability Determination Services ("DDS") medical consultant, issued a mental RFC assessment on February 8, 2014. ([6] at 128-30).

decompensation. ([6] at 125). Dr. Powers stated that Plaintiff's "[m]ental symptoms are generally non-severe" and concluded as follows:

> There is nothing to suggest a debilitating problem of any kind. As indicated in "B" criteria, these limitations should be considered but, taken exclusively, would not prevent competitive work on a sustained basis. From the mental perspective, this claimant retains the ability to work. Claimant can socialize appropriately, avoid hazards, and concentrate to the extent of doing [routine repetitive tasks].

([6] at 130).

The ALJ's determination differs from the opinion of Dr. Powers in that the ALJ found Plaintiff's mental impairment caused mild limitations in her activities of daily living; no limitations in maintaining social functioning; no limitations in maintaining concentration, persistence, or pace; and no episodes of decompensation. ([6] at 18-19). Despite these differences, Dr. Powers's conclusion supports the ALJ's determination that Plaintiff was not disabled. *See Kight v. Colvin*, 2014 WL 1281049, at *6 (N.D. Tex. Mar. 31, 2014); *Garza v. Astrue*, 2013 WL 2432421, at *12-13 (S.D. Tex. June 3, 2013). Additionally, other substantial evidence supports the ALJ's determination.

The ALJ focused on the fact Plaintiff worked for many years despite her mental impairment. The ALJ also noted that Plaintiff never received formal mental health care and received mental status findings from her treating sources, which were within normal limits. The ALJ considered that no treating source found that Plaintiff was incapable of interacting appropriately with others. The ALJ also noted that Plaintiff was able to carry out tasks assigned by the consultative examiners (Dr. Cobb and Dr. Stoudenmire) and had no difficulties interacting socially with these examiners. The ALJ pointed out that Plaintiff's testimony demonstrated she was capable of maintaining attention and concentration to participate in normal daily activities.

The ALJ noted that Plaintiff was capable of caring for her disabled child and sister-in-law. ([6] at 18-19). Accordingly, the ALJ's failure to address Dr. Powers's opinion does not require remand.

*Dr. Robert Cobb*

After performing a consultative examination of Plaintiff, Dr. Robert Cobb determined as follows:

> Claimant is unable to kneel or squat due to her degenerative joint disease in the lower extremities, along with her obesity. She is probably incapable of being on her feet more than 30 mins. at one time…3-4 hrs. out of an 8-hr workday. She should be able to sit for 30 mins. to an hour at one time…5-6 hrs. out of an 8-hr workday…able to lift and carry up to 10-15 lbs., occasionally.

([6] at 403).

The ALJ gave Dr. Cobb's opinion great weight. However, the ALJ's assessment of Plaintiff's functional capacity differed slightly from Dr. Cobb's assessment. The ALJ determined that Plaintiff had the RFC to perform sedentary work, "except the claimant must be able to sit or stand alternatively at will every 45 minutes, provided she would not be off task more than 10% of the work period; should avoid kneeling or squatting; and should never be exposed to unprotected heights, hazardous machinery and uneven terrain." ([6] at 20).

Plaintiff argues that the ALJ erred by not incorporating Dr. Cobb's specific limitations regarding sitting and standing and not providing a basis for discounting these limitations. However, the fact that the ALJ gave Dr. Cobb's opinion great weight does not require the ALJ to adopt the opinion wholesale. *See Miller v. Colvin*, 2016 WL 96168, at *3 (S.D. Miss. Jan. 8, 2016) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 Fed. App'x. 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency

13

psychologist's limitations wholesale.")); *see also Moore v. Comm'r of Soc. Sec.*, 2013 WL 6283681, at *7 (N.D. Ohio Dec. 4, 2013).

Additionally, the ALJ's determination that Plaintiff must be able to alternate standing and sitting every forty-five minutes is not dramatically different from Dr. Cobb's opinion of what Plaintiff can "probably" do, and substantial evidence supports the ALJ's determination. The ALJ pointed out that radiographs and physical examinations showed only minimal impairment of Plaintiff's lower back and right knee. ([6] at 21). The ALJ noted that examinations by Plaintiff's treating physician usually revealed mild tenderness or no findings relating to her lower back and knees. ([6] at 22). The ALJ noted that Plaintiff has not received the type of medical treatment expected for an individual with the pain and symptoms Plaintiff alleged. ([6] at 23). The ALJ also considered Plaintiff's activities (such as going to a movie theater, visiting her parents in a nursing home, and going out to eat) and determined that her pain was not as limiting as she alleged. The record as a whole demonstrates that the Commissioner's decision is supported by substantial evidence, and the ALJ's treatment of Dr. Cobb's opinion does not require reversal of the Commissioner's decision or remand of this action.

### *Dr. Harilal Patel*

On January 27, 2016, one of Plaintiff's treating physicians, Dr. Harilal Patel, provided a letter stating as follows: "Patient has multiple chronic health problems and is unable to work. Patient needs to be placed on disability. Her condition is not expected to improve." ([6] at 502). The next day, Dr. Patel completed a questionnaire indicating that Plaintiff suffered from fibromyalgia, osteoarthritis, anxiety/depression, hypertension, and obesity and that her impairments caused severe limitations. Dr. Patel indicated that Plaintiff could not sit or stand for

14

even five minutes at a time and could never lift and carry anything even if it weighed less than ten pounds. ([6] at 502-06).

The ALJ considered Dr. Patel's opinion and afforded it "little weight." The ALJ explained:

> The opinion states a general conclusion that the claimant's impairments are disabling; however, this is an opinion on an issue reserved to the commissioner and could not be given controlling weight. Greater weight could not be given to the opinion because the opinion was internally inconsistent and was not support by an adequate explanation. I note that the medical source provided an opinion with regard to the claimant's psychological symptoms yet he is not a mental health specialist and his treatment records only document two visits with complaints of anxiety and/or depression (March 2013 and September 2015). As to the claimant's physical impairments, when the medical source documents examination findings of the claimant's musculoskeletal system, the notes report "tenderness 1+ and mild" (See 12F).

([6] at 25).

Plaintiff argues that the ALJ's analysis of Dr. Patel's opinion is flawed and that she failed to show good cause for assigning his opinion little weight. Plaintiff argues that the ALJ ignored certain medical records. Plaintiff points to a record from January 25, 2016, showing that she sought treatment for anxiety, insomnia, and panic attacks. ([10] at 37; [6] at 529). Plaintiff also points to records which list depression and/or anxiety in her medical history and show that she received medications for psychological issues. Regarding her physical impairments, Plaintiff points to records from November 21, 2012, showing that Dr. Patel noted moderate tenderness in her lumbosacral spine area. ([6] at 461, 465).

A treating physician's opinions should be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The law, however, is clear that the ALJ has the sole responsibility of determining a

15

claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Id.* A treating physician's opinion may be assigned little or no weight when good cause is shown. *Id*. at 456. Good cause exists when the treating physician's opinions are so brief and conclusory that they lack persuasive weight, when they are not supported by medically acceptable techniques, or when the evidence supports a different conclusion. *Id*.

Although Plaintiff points to records which support her argument, the record contains sufficient evidence to support the ALJ's assessment of Dr. Patel's opinions. As previously mentioned, the ALJ noted that Plaintiff visited Dr. Patel twenty times, and Dr. Patel rarely noted any abnormal musculoskeletal symptoms. ([6] at 22). The ALJ pointed out that Plaintiff has not experienced muscle atrophy and has not received the type of medical care that would be expected for an individual with disabling pain and symptoms. ([6] at 23-24). The ALJ also considered Dr. Cobb's findings, which indicated that Plaintiff was not disabled. ([6] at 21, 25).

Concerning Plaintiff's mental impairments, the ALJ considered that Plaintiff worked for many years despite her alleged mental impairment and never received formal mental health care. The ALJ also considered Plaintiff's ability to interact appropriately and participate in typically normal daily activities. ([6] at 18-19). The Court also notes that Dr. Power's opinion indicates that Plaintiff was not disabled. ([6] at 130). This Court does not resolve conflicts in the evidence; that is left to the discretion of the Commissioner. Here, Plaintiff has failed to show that no credible evidence supports the Commissioner's determination. The ALJ's treatment of Dr. Patel's opinion does not require reversal of the Commissioner's decision or remand of this action.

*Issue 4: Whether the ALJ Erred in Evaluating Obesity*

Plaintiff argues that the ALJ erred by classifying her obesity as a non-severe impairment and erred in considering the impact of obesity on her residual functional capacity. Obesity is considered a severe impairment when, alone or in combination with another medically determinable impairment, it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520; SSR 02-1p. A mere diagnosis of obesity, however, does not establish a severe impairment or the existence of a functional limitation. *See* SSR 02-1p. The ALJ cannot make assumptions about the severity or functional effects of obesity. "There is no specific level of weight or BMI that equates with a 'severe' of a 'not severe' impairment." SSR 02-1p. The burden to demonstrate the existence of a disability lies with plaintiff. *Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

When assessing a claimant's RFC, an ALJ must consider all of the claimant's impairments, including impairments that are not severe. *See* SSR 96-8p. "Obesity should be considered in combination with other impairments in making the residual functional capacity determination and in discussing the claimant's ability to perform sustained work activities." *Hobbs v. Astrue*, 627 F. Supp. 719, 726-27 (W.D. La. 2009) (citing *Beck v. Barnhart*, 205 Fed. App'x. 207, 212 (5th Cir. 2006)).

The ALJ determined that Plaintiff suffered from the medically determinable impairment of obesity, but that this impairment was not severe. ([6] at 17-18). The ALJ explained as follows:

> The claimant's obesity was assessed with regard to its effect on the claimant's musculoskeletal system, respiratory system, and cardiovascular system. Specifically, I considered what effect the claimant's obesity, by itself and in combination with other impairments, has on her functioning pursuant to SSR 02-1p. The medical evidence of record establishes the claimant's obesity as a medically determinable impairment based on the claimant's height of 65 inches and

17

> her weight of 364 pounds, which correlates with a body mass index (BMI) of 60.57, with anything over 30 typically representing obesity (See 13F). The claimant's weight, including the impact on her ability to ambulate, as well as her other body systems, has been considered within the functional limitations determined herein, particularly with respect to her ability to stand or walk in combination with her hip/joint pain in placing her at the sedentary exertional level.

([6] at 18).

Plaintiff points out that, throughout her medical records, medical professionals noted that she suffered from "morbid" obesity. Plaintiff also points out that she had functional limitations and that she reported experiencing shortness of breath and fatigue. As previously mentioned, however, neither a diagnosis of obesity nor a specific level of weight or BMI establish a severe impairment. *See* SSR 02-1p. Additionally, descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) do not establish whether obesity is or is not a severe impairment. *Id*. The ALJ may not assume that a claimant's obesity is severe, and Plaintiff fails to cite to specific findings showing that Plaintiff's obesity increased her functional limitations beyond the degree recognized by the ALJ. *See Gray v. Astrue*, 2011 WL 856941, at *7 (N.D. Tex. Mar. 11, 2011); *Brown v. Astrue*, 2009 WL 64117, at *3 n2 (N.D. Tex. Jan. 12, 2009).

Moreover, even assuming that the ALJ erred in not finding that Plaintiff's obesity was severe, Plaintiff has failed to show that she has suffered prejudice. The ALJ considered Plaintiff's obesity and the combined effects of her impairment in assessing Plaintiff's RFC. The record does not establish that Plaintiff's obesity caused limitations greater that those found by the ALJ. The ALJ properly considered Plaintiff's obesity in determining Plaintiff's RFC, and substantial evidence supports the ALJ's assessment of Plaintiff's RFC. *See Gannon v. Astrue*, 2008 WL 4490738, at *9 (N.D. Tex. Oct. 3, 2008).

**CONCLUSION**

Based on the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and that no reversible errors of law were committed by the ALJ.

IT IS, THEREFORE, ORDERED that:

1. The Commissioner's final decision is AFFIRMED.

2. This action is DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 20th day of July, 2018.

    s/Michael T. Parker
    UNITED STATES MAGISTRATE JUDGE